MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: F. JAMES LOPREST, JR.
Special Assistant United States Attorney
33 Whitehall Street, 8th Floor
New York, New York 10004
Tel. No.: (718) 422-5655
(FJL:3210)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

QING YUE QIU (A70 579 326) and
QI ZHUO QIU (A79 606 467), :

Plaintiffs, :

v. :

MICHAEL CHERTOFF, Secretary,
Department of Homeland Security; :
EMILIO T. GONZALEZ, Director,
U.S. Citizenship and Immigration Services; :
F. GERARD HEINAUER, Director,
USCIS Nebraska Service Center; :
CONDOLEEZZA RICE, Secretary of State;
HENRIETTA FORE, Undersecretary for :
Management, Department of State;
ROBERT GOLDBERG, Consul General, :
U.S. Consulate at Guangzhou,
:
Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

ANSWER

07 Civ. 5571 (RJH)

ELECTRONICALLY FILED

Defendants Michael Chertoff, United States Secretary of Homeland Security; Emilio T. Gonzalez, Director, United States Citizenship and Immigration Services ("CIS"); F. Gerard Heinauer, Director of the CIS's Nebraska Service Center; Condoleezza Rice, United States Secretary of State; Henrietta Fore, Undersecretary of State for Management; and Robert Goldberg, Consul General of the United States at the United States Consulate at Guangzhou, People's Republic of China ("Consulate") (collectively, "defendants" or "Government"), by their attorney, Michael J.

Garcia, United States Attorney for the Southern District of New York, hereby answer the complaint[1] of plaintiffs Qing Yue Qiu (A70 579 326) and Qi Zhuo Qiu (A79 606 467) (collectively, "plaintiffs") upon information and belief, as follows:

1. Deny the allegations in the initial unnumbered paragraph of the complaint that defendants have "fail[ed] to act in accordance with the law"; and neither admit nor deny the remaining allegations in the initial unnumbered paragraph of the complaint because they constitute plaintiffs' characterization of this action, conclusions of law, and/or prayer for relief, to which no response is required.

2. Neither admit nor deny the allegations in paragraph 1 of the complaint because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 1 of the complaint for accurate statements of their provisions. To the extent a further response to the allegations in paragraph 1 of the complaint is required, defendants deny the allegations.

3. Neither admit nor deny the allegations in paragraph 2 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 2 for an accurate statement of its provisions. To the extent a further response to the allegations in paragraph 2 is required, defendants deny the allegations.

4. Neither admit nor deny the allegations in paragraph 3 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes

[1] Although plaintiffs style their pleading as a "complaint for writ of mandamus," the writ of mandamus was abolished over 60 years ago with the promulgation of the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 81(b) ("The writs of scire facias and mandamus are abolished."); see also In re Nagy, 89 F.3d 115, 116 (2d Cir. 1996) (same); Espin v. Gantner, 381 F. Supp. 2d 261, 263-64 (S.D.N.Y. 2005) (same); Cordoba v. McElroy, 78 F. Supp. 2d 240, 242 (S.D.N.Y. 2000) (same).

cited in paragraph 3 for accurate statements of their provisions. To the extent a further response to the allegations in paragraph 3 of the complaint is required, defendants deny the allegations.

5. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 4 that no real property is involved in this action, and that plaintiff Qing Yue Qiu resides in New York; neither admit nor deny the remaining allegations in paragraph 4 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes cited in paragraph 4 for accurate statements of their provisions. To the extent a further response to the remaining allegations in paragraph 4 is required, defendants deny the allegations.

6. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 5 that Qi Zhuo Qiu is the minor son of Qing Yue Qiu; and admit the remaining allegations in paragraph 5.

7. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 6.

8. Neither admit nor deny the allegations in paragraph 7 because they constitute plaintiffs' characterization of this action and/or conclusions of law, to which no response is required; except admit that Michael Chertoff is United States Secretary of Homeland Security; and respectfully refer the Court to the statute cited in paragraph 7 for an accurate statement of its provisions.

9. Neither admit nor deny the allegations in paragraph 8 because they constitute plaintiffs' characterization of this action and/or conclusions of law, to which no response is required; except admit that Emilio T. Gonzalez is Director of the CIS; and respectfully refer the Court to the statute and regulation cited in paragraph 8 for accurate statements of their provisions.

10. Neither admit nor deny the allegations in paragraph 9 because they constitute conclusions of law, to which no response is required; except admit that F. Gerard Heinauer is Director of the CIS's Nebraska Service Center; and respectfully refer the Court to the regulations cited in paragraph 9 for accurate statements of their provisions.

11. Neither admit nor deny the allegations in paragraph 10 because they constitute plaintiffs' characterization of this action and/or conclusions of law, to which no response is required; except admit that Condoleezza Rice is United States Secretary of State; and respectfully refer the Court to the statute cited in paragraph 10 for an accurate statement of its provisions.

12. Neither admit nor deny the allegations in paragraph 11 because they constitute conclusions of law, to which no response is required; except admit that Henrietta Fore is Undersecretary of State for Management; and respectfully refer the Court to the statute cited in paragraph 11 for an accurate statement of its provisions.

13. Neither admit nor deny the allegations in paragraph 12 because they constitute conclusions of law, to which no response is required; except admit that Robert Goldberg is the Consul General of the United States at the Guangzhou Consulate; and respectfully refer the Court to the statutes and regulations cited in paragraph 12 for accurate statements of their provisions.

14. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 13.

15. Admit the allegations in paragraph 14; and respectfully refer the Court to the documents referred to collectively in paragraph 14 (and annexed to the complaint) as Exhibit A for true and accurate statements of their contents.

16. Admit the allegations in paragraph 15; and respectfully refer the Court to the

documents referred to collectively in paragraph 15 (and annexed to the complaint) as Exhibit A for true and accurate statements of their contents.

17. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 16; except admit that plaintiff Qing Yue Qiu submitted Refugee/Asylee Relative Petitions ("Form I-730 petitions") on behalf of Qiu Shu Fen and Qiu Xiu to make them derivative beneficiaries of his successful application for asylum in the United States; and respectfully refer the Court to the documents referred to collectively in paragraph 16 (and annexed to the complaint) as Exhibit A for true and accurate statements of their contents.

18. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 17.

19. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 18; and respectfully refer the Court to the documents referred to collectively in paragraph 18 (and annexed to the complaint) as Exhibit C for true and accurate statements of their contents.

20. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations in paragraph 19; and respectfully refer the Court to the documents referred to collectively in paragraph 19 (and annexed to the complaint) as Exhibit C for true and accurate statements of their contents.

21. Admit the allegations in paragraph 20; and respectfully refer the Court to the documents referred to collectively in paragraph 20 (and annexed to the complaint) as Exhibit D for true and accurate statements of their contents.

22. Deny knowledge or information sufficient to form a belief as to the truth or accuracy

of the allegation in paragraph 21 that Qing Yue Qiu contacted the CIS by telephone; admit the remaining allegations in paragraph 21; and respectfully refer the Court to the documents referred to collectively in paragraph 21 (and annexed to the complaint) as Exhibit D for true and accurate statements of their contents.

23. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 22.

24 Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 23.

25. In response to paragraph 24, defendants incorporate as if restated herein their responses, supra, to paragraphs 1 through 23 of the complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 25.

27. Neither admit nor deny the allegations in paragraph 26 because they constitute conclusions of law, to which no response is required. To the extent a further response to the allegations in paragraph 26 is required, defendants deny the allegations.

28. Neither admit nor deny the allegations in paragraph 27 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes and regulations cited in paragraph 27 for accurate statements of their provisions. To the extent a further response to the allegations in paragraph 27 is required, defendants deny the allegations.

29. Neither admit nor deny the allegations in paragraph 28 because they constitute conclusions of law, to which no response is required. To the extent a further response to the allegations in paragraph 28 is required, defendants deny the allegations.

30. Neither admit nor deny the allegations in paragraph 29 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the regulation cited in paragraph 29 for an accurate statement of its provisions. To the extent a further response to the allegations in paragraph 29 is required, defendants deny the allegations.

31. Deny the allegations in paragraph 30; except admit that the CIS approved Qing Yue Qiu's Form I-730 petition on behalf of plaintiff Qi Zhuo Qiu.

32. Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation in paragraph 31; except admit that more than one year has passed since April 19, 2006.

33. Neither admit nor deny the allegations in paragraph 32 because they constitute plaintiffs speculations and/or conclusions of law, to which no response is required. To the extent a further response to the allegations in paragraph 32 is required, defendants deny the allegations.

34. Neither admit nor deny the allegations in paragraph 33 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute cited in paragraph 33 for an accurate statement of its provisions. To the extent a further response to the allegations in paragraph 33 is required, defendants deny the allegations.

35. Neither admit nor deny the allegations in paragraph 34 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the judicial decisions cited in paragraph 34 for accurate statements of their holdings, and to the statutes and regulation cited in paragraph 34 for accurate statements of their provisions. To the extent a further response to the allegations in paragraph 34 is required, defendants deny the allegations.

36. Neither admit nor deny the allegations in paragraph 35 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statute and regulation cited in paragraph 35 for accurate statements of their provisions. To the extent a further response to the allegations in paragraph 35 is required, defendants deny the allegations.

37. Neither admit nor deny the allegations in paragraph 36 because they constitute conclusions of law, to which no response is required; and respectfully refer the Court to the statutes and regulation cited in paragraph 36 for accurate statements of their provisions. To the extent a further response to the allegations in paragraph 36 is required, defendants deny the allegations.

38. Neither admit nor deny the allegations in paragraph 37 because they constitute conclusions of law, to which no response is required. To the extent a further response to the allegations in paragraph 37 is required, defendants deny the allegations.

39. Deny the allegations in paragraph 38.

40. Deny the allegations in paragraph 39.

41. Deny the allegations in paragraph 40.

42. Deny the allegations in paragraph 41; and respectfully refer the Court to the statutes and regulations cited in paragraph 41 for accurate statements of their provisions

43. Deny the allegations in paragraph 42.

44. Neither admit nor deny the allegations in paragraph 43 because they constitute conclusions of law, to which no response is required. To the extent a further response to the allegations in paragraph 43 is required, defendants deny the allegations.

45. Deny the allegations in paragraph 44.

AS AND FOR A FIRST DEFENSE

The Court lacks jurisdiction over the subject matter of this action.

AS AND FOR A SECOND DEFENSE

Plaintiffs have failed to state a claim upon which relief may be granted.

AS AND FOR A THIRD DEFENSE

Plaintiffs have failed to show that they are owed a peremptory duty that defendants have refused to perform.

AS AND FOR A FOURTH DEFENSE

Mandamus will not lie against defendants to control the exercise of their administrative judgment and discretion.

AS AND FOR A FIFTH DEFENSE

Plaintiffs' claims are unripe for review.

AS AND FOR A SIXTH DEFENSE

Plaintiffs have failed to exhaust administrative remedies.

AS AND FOR A SEVENTH DEFENSE

The length of time that Qing Yue Qiu's Form I-730 petition on Qi Zhuo Qiu's behalf has been pending is attributable to his own actions.

AS AN FOR AN EIGHTH DEFENSE

The Court lacks jurisdiction to consider the refusal of the United States Consulate to grant a Qi Zhuo Qiu a visa or other document that would enable him to enter the United States under the doctrine of consular nonreviewability. See, e.g., Wan Hsieh Shih v. Kiley, 569 F.2d 1179, 1181 (2d Cir. 1978); Rivera de Gomez v. Kissinger, 534 F.2d 518, 520 (2d Cir. 1976) (per curiam); United

States ex rel. London v. Phelps, 22 F.2d 288, 290 (2d Cir. 1927).

WHEREFORE, defendants respectfully request that this Court enter judgment dismissing the complaint in its entirety, and for such other relief as the Court deems proper.

Dated: New York, New York
August 3, 2007

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
Attorney for Defendants

By: /S/
F. JAMES LOPREST, JR.
Special Assistant United States Attorney
86 Chambers Street, 4th Floor
New York, New York 10007
Tel. No.: (212) 637-2728
(FJL:3210)

TO: THEODORE N. COX, ESQ.
Attorney for Plaintiff
401 Broadway, Suite 1802
New York, New York 10013